# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA UNITED HEALTH SYSTEMS,**
**Employer Below, Petitioner**

**vs.)   No. 18-0005**  (BOR Appeal No.  2052120)
(Claim No. 2016020454)

**TAMMY PRICE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner, West Virginia United Health Systems by Jeffrey M. Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tammy Price, by Robert L. Stultz, its attorney, filed a timely response.

The issue on appeal is the compensability of additional diagnoses and medical treatment. On February 21, 2017, the claims administrator denied a request to add thoracic strain and sacroiliac sprain as compensable components of the claim. The claims administrator also denied payment for a bill from WVU Medical Corporation for a date of service of December 19, 2016, in a separate February 21, 2017, decision. The Office of Judges affirmed both of the decisions in its July 21, 2017, Order. The Order was reversed and vacated by the Board of Review on November 30, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Price, a nursing assistant, was injured on February 5, 2016, when she slipped on a mat at work. Her claim was held compensable for a low back sprain/strain on February 17, 2016. Prior to her work injury, Ms. Price had been treated by Robert Gerbo, M.D., for six months in 2009 for low back pain during which time Dr. Gerbo noted that lumbar x-rays showed loss of lordotic curvature. A December 9, 2009, lumbar MRI revealed degenerated L5-S1 intervertebral disc with a small midline herniation associated with mild extradural mass effect with no neural foraminal encroachment. In June of 2015, Ms. Price was treated by Michal Matela, M.D., for a

1

chief complaint of lower back pain. Dr. Matela diagnosed muscle spasm of the back and back pain.

After the February 5, 2016, injury, Dr. Gerbo treated Ms. Price for a chief complaint of low back pain. On March 1, 2016, Dr. Gerbo noted the lower part of Ms. Price's back was improved, but the part inferior to her bra line was still problematic. She had resumed modified duty. After she was released to full duty work on March 11, 2016, Dr. Gerbo noted Ms. Price's pain was worse in the left thoracolumbar area, but she also had pain in the left lower lumbar area. Dr. Gerbo diagnosed lumbar/thoracic back sprain which was worse without any precipitating event. He noted the main area of concern was the lower thoracic/upper lumbar area and opined it was related to her work injury. A March 25, 2016, thoraco-lumbar spine MRI was unremarkable with no evidence of acute fracture or compression deformity. Mild disc desiccation at T9-T10.

Bill Hennessey, M.D., performed an independent medical evaluation on June 9, 2016. He noted Ms. Price reported no relief of her symptoms since the work injury. On examination, Ms. Price had pain to palpation in her left lumbar paraspinal muscles and in her left lower thoracic paraspinal muscles. The pain limited her from going through a full range of motion, and she had pain with trunk flexion and extension. Dr. Hennessey noted Ms. Price's straight leg raise testing was negative bilaterally. Dr. Hennessey determined that the subjective pain complaints were not supported by the objective medical evidence. He opined that there was insufficient medical evidence of residual left lumbar strain. In Dr. Hennessey's opinion, Ms. Price had reached maximum medical improvement from the February 5, 2016, soft tissue strain. He opined that there was no further need for medical treatment because there was no residual physical impairment on which to base treatment. Also, there was no need to keep doing what did not work. Dr. Hennessey assessed 0% impairment.

Dr. Gerbo continued to treat Ms. Price in July of 2016.On July 12, 2016he saw Ms. Price for left-sided low back pain. She reported having received trigger point injections on June 13, 2016, and she no longer had any thoracic or lumbar pain. Dr. Hennessey diagnosed thoraco-lumbar and lower lumbar sprains, much improved. Ms. Price continued to have left SI pain and tenderness. In a letter dated July 26, 2016, Dr. Gerbo noted Ms. Price had returned to his office for treatment sooner than expected with a chief complaint of worse back pain. On July 20, 2016, Ms. Price felt a "pop" in the thoraco-lumbar spine while doing a compression on a mannequin during CPR training. She also experienced an increase in left sacroiliac pain. Ms. Price reported pain radiation to the posterior thighs and tingling in both feet. On examination, Ms. Price had limited range of motion of the thoracic and lumbar spine. Dr. Gerbo diagnosed thoracic sprain and strain, lumbar strain, and sacroiliac sprain. He opined this was not a new injury but a worsening of Ms. Price's previous condition. Dr. Gerbo opined that the claim needed to be reopened for physical therapy. Ms. Price was also seeking treatment with a pain management physician.

Ms. Price testified via deposition on January 12, 2017, that she worked in perioperative care which required her to push beds, gurneys, and wheelchairs; take vital signs; and do a lot of walking in order to move patients from place to place. She was injured on February 5, 2016, when she was pulling a mat next to a desk and tweaked her body. She aggravated her back on

July 20, 2016, when she was doing CPR training. She has been off of work since July 22, 2016. Between February and July of 2016, she was only able to work light duty and she still experienced exacerbations of her pain. She continued to have pain in her mid and lower left side.

On February 21, 2017, the claims administrator denied Dr. Gerbo's request to add lumbar strain, thoracic strain, and sacroiliac sprain as compensable components of the claim because Ms. Price suffered a new isolated fortuitous event on July 20, 2016, which resulted in the need for treatment and the addition of the new diagnoses. In a separate decision on February 21, 2017, the claims administrator denied a request for payment for a bill from WVU Medical Corporation for a date of service of December 19, 2016, as the bill related to the new injury of July 20, 2016.

The Office of Judges affirmed the claims administrator's decisions in its July 21, 2017, Order. It found West Virginia United Health Systems' argument that Ms. Price suffered a subsequent intervening injury in a completely different area of her back to be persuasive. The Office of Judges found that no evidence of a lumbar spine problem was seen on the March 11, 2016, x-ray. Additionally, the March 25, 2011, MRI was unremarkable for the thoraco-lumbar spine. Ms. Price was determined to be at maximum medical improvement prior to the July 20, 2016, injury. Moreover, Dr. Gerbo noted Ms. Price's pain in her thoracic and lumbar regions had resolved as of July 12, 2016. It determined that the additional diagnoses and December 19, 2016, medical treatment were not causally related to the compensable injury.

On November 30, 2017, the Board of Review reversed and vacated the Office of Judge's July 21, 2017, Order. It found that the analysis and conclusions of the Office of Judges was wrong in light of the evidence. The Board of Review noted the February 5, 2016, injury was held compensable for a low back sprain/strain. Dr. Gerbo found the lower part of the back improved on March 1, 2016, but found the part around the bra line was still problematic and diagnosed lumbar/thoracic back sprain, which was worse without any precipitating event. The Board of Review found that the Office of Judges substituted its opinion for the opinion of the medical expert. Dr. Gerbo treated Ms. Price before and after she participated in the CPR training event. It found Ms. Price experienced a worsening of her symptoms during the CPR training, but she did not suffer an intervening injury to completely different areas of her back. Therefore, the Board of Review granted Ms. Price's request for lumbar strain, thoracic strain, and sacroiliac sprain to be held compensable components of the claim. It also granted Ms. Price's request for payment of the December 19, 2016, medical bill.

After review, we agree with the reasoning and conclusions of the Board of Review. The Ms. Price continued to experience symptoms related to the February 5, 2016, injury as late as June 13, 2016, when she received trigger point injections. Additionally, Dr. Gerbo documented thoracic pain in March of 2016. Therefore, the Board of Review did not err when it found Ms. Price's lumbar strain, thoracic strain, and sacroiliac sprain compensable. As these conditions are compensable so is the medical treatment received on December 19, 2016.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Elizabeth D. Walker, disqualified